**NOTE: CHANGES MADE BY THE COURT**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOLLOY,<br>　　　　PLAINTIFFS.<br><br>V.<br><br>TRIWIN INC., et al.<br>　　　　DEFENDANTS. | Case No.: 2:23-CV-04317-GW (ASx)<br><br>PROTECTIVE ORDER |

# PROTECTIVE ORDER
# REGARDING THE DISCLOSURE AND USE OF INFORMATION
# PRODUCED BY NON-PARTY APPLE INC.

In response to a subpoena issued by Plaintiff in the above-referenced matter, non-party Apple Inc. ("Apple") intends to produce certain documents or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information of Apple. Plaintiff and Apple jointly stipulate and petition the Court to enter this Order setting forth the conditions for treating, obtaining, and using such information. Defendants have not yet made an appearance in this action.

Plaintiff and non-party Apple acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Plaintiff and non-party Apple further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Apple's production of documents and information in response to Plaintiff's subpoena is likely to include commercial, financial, and/or proprietary information for which special protection from public disclosure and

from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of Plaintiff and non-party Apple that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Pursuant to Federal Rule of Civil Procedure 26, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Information Produced by non-party Apple Inc. ("Order" or "Protective Order").

1. **DEFINITIONS**

(a)  "Party" means any party to this case, including all of its consultants, retained experts, and Outside Counsel and their support staffs.

(b)  "Protected Material" means all items or information regardless of the medium or manner generated, stored, or maintained that are produced, disclosed, or generated by Apple in connection with discovery in this case, and that are designated as "APPLE CONFIDENTIAL" as provided for in this Order. Protected Material shall not include materials that have been actually published or publicly disseminated and/or that show on their face they have been disseminated to the public.

(c)  "Receiving Party" means any Party who receives Protected Material produced by Apple.

2. **SCOPE**

(a)  The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

3. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any personal, business, or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

(c) <u>Limitations</u>.  Nothing in this Order shall restrict in any way Apple's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of Apple; (iii) previously produced, disclosed and/or provided by Apple to the Receiving Party or a non-party without an obligation of confidentiality and not

by inadvertence or mistake; (iv) with the consent of Apple; or (v) pursuant to order of the Court.

4. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Designation</u>.  Apple may designate Protected Material with the following designation, provided that it meets the requirements for such designations as provided for herein: "APPLE CONFIDENTIAL."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents, and tangible things that meet the requirements for confidentiality may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, Apple may mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files were contained.

(c) <u>Native Files.</u>  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating that the file contains "APPLE CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix

a legend to the printed document corresponding to the designation of Apple and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to Apple so that Apple can review the image to ensure that no information has been altered, and (2) obtaining the consent of Apple, which consent shall not be unreasonably withheld.

5. **PROTECTED MATERIAL DESIGNATED AS "APPLE CONFIDENTIAL"**

(a) Apple may designate Protected Material as "APPLE CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Protected Material designated as "APPLE CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit

A; (b) such expert or consultant is not a current officer, director, or employee of a competitor of Apple, nor anticipated at the time of retention to become an officer, director or employee of a competitor of Apple; and (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

        (iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

        (iv)   The Court, jury, and court personnel;

        (v)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

        (vi)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

        (vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

        (viii)   Any other person with the prior written consent of Apple, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(ix)   Any Party who later appears in this action who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit.

6.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)   A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Protected Material under this Order shall be written, shall be served on outside counsel for Apple, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with Apple claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. Apple shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of Apple's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation,

establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Protected Material in question is not entitled to the designation.

7. **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Apple and to its counsel and shall provide Apple with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

8. **USE OF PROTECTED MATERIAL**

(a) Filing Protected Material.  Absent written permission from Apple or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.  Any Party is authorized under the Federal Rules of Civil Procedure to file under seal

with the Court any brief, document or materials that are designated as Protected Material under this Order.

(b)     Use of Protected Material in oral deposition.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for the Parties shall exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

  (c) <u>Use of Protected Material at hearing or trial</u>.  If a Party intends to use any Protected Material at hearing or at trial, that party must provide Apple with notification to the email address hcannom@wscllp.com, of such intended use at least ten (10) business days before the hearing or trial is scheduled.  If a hearing or trial is scheduled less than ten (10) days in advance, the party must provide Apple with notification to the email address in the preceding sentence of such intended use as soon as possible under the circumstances.  If the party in unwilling or unable to seek protections in the courtroom for use of the documents or information designated "APPLE CONFIDENTIAL," the party shall file a motion with the Court seeking to use the documents or information designated "APPLE CONFIDENTIAL" without these protections.  There will be no use of documents or information designated as "APPLE CONFIDENTIAL" in open court during the above-identified notification period, unless that period is waived by Apple, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

  9. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

  (a) The inadvertent failure by Apple to designate Protected Material as APPLE CONFIDENTIAL INFORMATION shall not waive any such designation provided that Apple notifies all Receiving Parties that such Protected Material is protected under such designation within fourteen (14) days of Apple learning of the inadvertent failure to designate. Apple shall reproduce the Protected Material

with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall securely destroy all Protected Material that was not designated properly.

10. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for Apple and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected Material.

11. **FINAL DISPOSITION**

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall destroy all Protected Material and certify compliance with this

section in writing to Apple. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

12. **MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. This Order is without prejudice to the right of Apple to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(b) Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter, and that even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until Apple agrees otherwise in writing or a court order otherwise directs. ~~The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.~~

(c) Successors. This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Protected Material, or any portion thereof, is not admissible in evidence in this action or any other proceeding.

(e) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

(f) <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the United States District Court for the Central District of California, or the Court's own orders.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

THE RYAN LAW GROUP

Dated: 1/22/2024                By: /s/ Andrew T. Ryan
                                    Andrew T. Ryan
                                    Attorneys for Plaintiff

STIPULATED PROTECTIVE ORDER
- 14

|   |   |
|---|---|
|   | WALKER STEVENS CANNOM LLC |
| Dated: 1/22/2024 | By: /s/ Hannah Cannom |
|   | Hannah Cannom |
|   | Attorneys for Non Party Apple Inc. |

Pursuant to Civil Local Rule 5-4.3.4(a)(2), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

|   |   |
|---|---|
| Dated: 1/22/2024 | By: /s/ Andrew T. Ryan |
|   | Andrew T. Ryan |

**SO ORDERED.**

|   |   |
|---|---|
| Dated: January 26, 2024 | / s / Sagar |
|   | Honorable Alka Sagar |
|   | United States Magistrate Judge |

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Stipulated Protective Order Regarding the Disclosure and Use of Information Produced by Non-Party Apple Inc. ("Order") in *Molloy v. Triwin Inc.,* Case No. 2:23-cv-04317-GW(ASx), pending in the United States District Court for the Central District of California.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

[Signature]